JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Peter Stephenson

## DEFENDANTS

AT&T Services, Inc.

**(b)** County of Residence of First Listed Plaintiff  Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Dallas
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ~~A~~ttorneys *(Firm Name, Address, and Telephone Number)*
Daniel S. Orlow, Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq.
Brief description of cause:
Plaintiff was discriminated and retaliated against because of his age.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE
2/16/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ West Chester, PA 19382 _____

Address of Defendant: _____ 208 S. Akard Street, Dallas, TX 75202 _____

Place of Accident, Incident or Transaction: _____ Montgomery County _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 02/16/2021 _____   _____   311702
                                  *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Daniel S. Orlow _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☒ Relief other than monetary damages is sought.

DATE: 02/16/2021 _____   _____   311702
                                  *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| PETER STEPHENSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AT&T SERVICES, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( X )

| | | |
|---|---|---|
| 02/16/2021 | _(signature)_ | Plaintiff, Peter Stephenson |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-405-2900 | orlow@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| | : | |
| **Peter Stephenson** | : | **CIVIL ACTION NO._____** |
| **West Chester, PA 19382** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **AT&T Services, Inc.** | : | |
| **208 S. Akard Street** | : | |
| **Dallas, TX 75202** | : | |
| | : | |
| **Defendant** | : | |

_____

**CIVIL ACTION COMPLAINT**

I. <u>**INTRODUCTION**</u>

Plaintiff, Peter Stephenson, brings this action against his former employer, AT&T Services, Inc., for discriminating against him because of his age and retaliating against him for submitting internal complaints of age discrimination. At age 65, after fifteen (15) years of dedicated service, Plaintiff was subjected to a discriminatory "Coaching Action Plan" because of his age. Shortly thereafter, Plaintiff was threatened with the issuance of a "Performance Improvement Plan," but was never actually provided with a documented plan. The Coaching Action Plan and subsequent threat of a Performance Improvement Plan was an effort by Defendant to force Plaintiff to quit because of his age. Instead of choosing to quit, Plaintiff raised an internal complaint of age discrimination. Thereafter, Plaintiff was threatened with another Performance Improvement Plan, but again was never provided with any documented plan. Despite never providing Plaintiff with a documented Performance Improvement Plan, Defendant terminated Plaintiff's employment on

July 16, 2018.  Plaintiff was not provided with an explanation for his termination and his job duties were assigned to an employee approximately twenty (20) years younger than him.

Defendant's discriminatory and retaliatory treatment of Plaintiff violated the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").  Plaintiff seeks all damages, including economic loss, compensatory damages, liquidated damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

## II.   PARTIES

1.      Plaintiff, Peter Stephenson, is an individual residing in West Chester, Pennsylvania and is a citizen of the Commonwealth of Pennsylvania.

2.      Defendant, AT&T Services, Inc., is a Delaware corporation with a principal place of business located at 208 South Akard Street, Dallas, Texas 75202.

3.      Defendant is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

4.      At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

5.      At all times material hereto, Defendant acted as an employer of Plaintiff within the meaning of the statutes that form the basis of this matter.

6.      At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes that form the basis of this matter.

## III.   JURISDICTION AND VENUE

7.      The causes of action that form the basis of this matter arise under the ADEA and

the PHRA.

8.      The District Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a), as there exists complete diversity of citizenship between the parties to this matter and the amount in controversy exceeds $75,000.

9.      Venue is proper in the District Court under 28 U.S.C. § 1391(b) because a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within this District and Defendant "resides" within this District within the meaning of 28 U.S.C. § 1391(b)(1).

10.     On or about January 14, 2019, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of the acts of discrimination and retaliation set forth herein.  Attached hereto, incorporated herein, and marked as "Exhibit 1" is a true and correct copy of Plaintiff's January 14, 2019 PHRC Complaint.

11.     On March 12, 2019, Plaintiff filed an Amended Complaint of Discrimination with the PHRC, complaining of the acts of discrimination and retaliation set forth herein.  Attached hereto, incorporated herein, and marked as "Exhibit 2" is a true and correct copy of Plaintiff's Amended PHRC Complaint.

12.     More than one year has passed since the filing of both Plaintiff's PHRC Complaint and Amended PHRC Complaint.

13.     Plaintiff's PHRC Complaints were cross-filed with the Equal Employment Opportunity Commission ("EEOC").

14.     On November 25, 2020, the EEOC issued to Plaintiff a Notice of Right to Sue. Attached hereto, incorporated herein and marked as "Exhibit 3" is a true and correct copy of that Notice.

15.     Plaintiff has fully complied with all administrative pre-requisites for the

commencement of this action.

## IV.   **FACTUAL ALLEGATIONS**

16.     Plaintiff was born on September 9, 1951 and was sixty-six (66) years old at the time of his termination from Defendant.

17.     Plaintiff was hired by Defendant on or about November 25, 2002.

18.     Plaintiff demonstrated dedication to Defendant and consistently performed his job duties in a highly competent manner.

19.     Over the course of his employment with Defendant, Plaintiff held several positions in the area of technical sales support and was responsible for supporting various facets of Defendant's field sales teams.

20.     Plaintiff last held the position of Application Sales Consultant, National Business Solutions and reported to Ralph Tancredi (43[1]), Application Sales Manager.

21.     Plaintiff's job duties included, without limitation, supporting the expanded usage and implementation of mobile applications and "Internet of Things" connectivity.

22.     Plaintiff was also responsible for supporting various "Wireline" products, managing contracting processes, and resolving complex customer credit issues.

23.     Tancredi reported to Jack Campbell (32), Assistant Vice President.

24.     Campbell (32) reported to Phil Hinson (53), Vice President Technical Sales.

25.     Hinson (53) reported to Anne Chow (52), President, National Business.

26.     In 2017, Plaintiff was considered a part of Defendant's National Business Solutions team and, in that capacity, supported Defendant's Ohio/Pennsylvania sales market.

27.     In 2018, the sales region that Plaintiff supported became known as the "Northeast

---

[1] All ages herein are approximations as of the date of Plaintiff's termination.

Region – Select."

28.     Plaintiff had begun reporting to Tancredi in March 2017.

29.     At the time of his termination, Plaintiff was the oldest employee reporting to Tancredi and the oldest Application Sales Consultant in the "Northeast Region – Select" sales region.

30.     Before Plaintiff began reporting to Tancredi, Plaintiff was not once subjected to formal discipline or corrective action of any kind.

31.     Before Plaintiff began reporting to Tancredi, Plaintiff was not once made aware of any alleged deficiencies in his performance.

32.     Before Plaintiff began reporting to Tancredi, Plaintiff routinely received positive performance reviews.

33.     In June 2017, Plaintiff was told by Andy Shultz that Defendant wanted to "get rid of [him]."

34.     On October 27, 2017, in a meeting with Tancredi, Plaintiff was placed on a Coaching Action Plan ("CAP") for alleged poor sales performance.

35.     Prior to Plaintiff being placed on a CAP, Tancredi had failed to conduct weekly 1-on-1 sessions with Plaintiff for over four months (from July through October 2017).

36.     Plaintiff's performance did not warrant the issuance of a CAP.

37.     Plaintiff was the only employee directly reporting to Tancredi that was issued performance-related discipline on or about October 27, 2017.

38.     The CAP was scheduled to end on February 22, 2018.

39.     The terms of Plaintiff's CAP indicated that Tancredi would conduct weekly 1-on-1 meetings with Plaintiff.

40.     Tancredi failed to conduct numerous scheduled 1-on-1 meetings with Plaintiff during the course of Plaintiff's CAP.

41.     On February 22, 2018, Plaintiff's CAP ended.

42.     On March 13, 2018, in a meeting with Tancredi, Plaintiff was verbally threatened with being placed on a performance improvement plan ("PIP").

43.     Plaintiff's performance did not warrant the threat of a PIP.

44.     Plaintiff never received a documented PIP from Defendant.

45.     Plaintiff was the only employee directly reporting to Tancredi that was threatened with a PIP on or about March 13, 2018.

46.     Plaintiff viewed Tancredi's issuance of the CAP and the March 13, 2018 threat of a PIP as an effort to force him to quit.

47.     On March 28, 2018, in separate phone calls, Plaintiff complained of age discrimination to Mark Dubansky (60), Assistant Vice President, Human Resources and Gayle Holderfield (54), Lead Employee Relations Manager.

48.     Plaintiff complained that Tancredi was targeting him because of his age.

49.     Plaintiff exceeded 100% of his ACES quota for March 2018.

50.     On April 24, 2018, in a phone call with Holderfield, Plaintiff was told that he was not meeting overall metrics.

51.     On May 23, 2018, in a meeting with Tancredi, Plaintiff was verbally threatened with another PIP.

52.     Plaintiff's performance did not warrant Tancredi's May 23, 2018 threat of a PIP.

53.     Plaintiff never received a documented PIP from Defendant following Tancredi's May 23, 2018 threat.

54. Plaintiff was the only employee directly reporting to Tancredi who was threatened with a PIP on or about May 23, 2018.

55. On July 16, 2018, in a meeting with Tancredi and Laura Holden (39), Regional Director, Global Business, Defendant terminated Plaintiff's employment, effective immediately.

56. Defendant did not provide Plaintiff with an explanation for his termination.

57. Plaintiff was not given any documentation in connection with his termination.

58. On July 16, 2018, after his termination meeting, in separate phone calls with Dubansky, Holderfield, and Mark Dadson (54), Human Resources Business Partner, Plaintiff complained that he had been targeted, and terminated from Defendant, because of his age.

59. On July 16, 2018, following the above meeting and phone calls, Plaintiff requested that his termination be characterized as a retirement so that he would be afforded full retirement benefits.

60. To be afforded full retirement benefits Plaintiff was required to send an email to Holderfield stating that he was announcing his retirement, effective immediately.

61. Plaintiff was Tancredi's only direct report terminated on July 16, 2018.

62. Following Plaintiff's termination, Defendant retained younger employees directly reporting to Tancredi, including the following: David Lewis (40), Application Sales Consultant; James Lesko (46), Application Sales Consultant; and William Kroemer (52), Application Sales Consultant.

63. Defendant assigned job duties formerly held by Plaintiff to David Lewis.

64. Defendant discriminated against Plaintiff based on his age by placing him on a CAP, threatening him with two PIPs, and terminating his employment.

65.    Defendant retaliated against Plaintiff based on his age discrimination complaints by threatening him with a PIP and terminating his employment.

66.    Plaintiff's age and internal complaints of age discrimination were each substantial, motivating and/or determinative factors in Defendant's discriminatory and retaliatory treatment of him, including subjecting him to a CAP, threatening him with two PIPs, and terminating his employment.

67.    As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## COUNT I – ADEA

68.    Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

69.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the ADEA.

70.    Defendant acted willfully and intentionally thereby warranting the imposition of liquidated damages.

71.    As a direct and proximate result of Defendant's violations of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

72.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

73.    No previous application has been made for the relief requested herein.

## COUNT II – PHRA

74.    Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

75.    By committing the foregoing acts of discrimination and retaliation Defendant has violated the PHRA.

76.    As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

77.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

78.    No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful, discriminatory, and retaliatory conduct, and specifically prays that this Court grant the following relief to Plaintiff by:

(a)    declaring the acts and practices complained of herein to be in violation of ADEA;

(b)    declaring the acts and practices complained of herein to be in violation of the PHRA;

(c)    enjoining and permanently restraining the violations alleged herein;

(d)    entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(e)    awarding damages to make Plaintiff whole for all lost earnings, earning capacity

9

and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

(f)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

(g)     awarding liquidated damages to Plaintiff under the ADEA;

(h)     awarding Plaintiff such other damages and relief as is appropriate under the statutes that form the basis of this matter;

(i)     awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(j)     granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated: February 16, 2021          By:     _____

Daniel S. Orlow, Esquire
1525 Locust St., Ninth Floor
Philadelphia, PA 19102
Tel:  (215) 545-7676
Fax:  (215) 545-8211
Attorneys for Plaintiff

# Exhibit 1



Law Offices of

**Willig, Williams & Davidson**

Twenty-Fourth Floor
1845 Walnut Street
Philadelphia, Pennsylvania 19103

(215) 656-3600
www.wwdlaw.com

Received

JAN 14 2019

PA Human Relations Commission
Philadelphia Regional Office

Ryan Allen Hancock
Phone: (215) 656-3679
Fax: (215) 561-5135

rhancock@wwdlaw.com

January 14, 2019

200800-636

*Via Hand-Delivery*

Attn:  Intake
Pennsylvania Human Relations Commission
110 N. 8th Street
Philadelphia, PA 19107

Re:   Stephenson v. AT&T Services, Inc.

Dear Sir/Madam:

I am enclosing two copies of a Complaint with an executed Verification.
Please ensure that the Complaint is cross filed with the EEOC. Finally, file one copy and
return a time stamped copy to our courier.

Thank you in advance for your kind assistance.

Very truly yours,

Ryan Allen Hancock

RAH/djw
Enclosures

Harrisburg Office: 212 Locust Street, Suite 301, Harrisburg, PA 17101 • (717) 221-1000
Jenkintown Office: 801 Old York Road, Suite 313, Noble Plaza, Jenkintown, PA 19046 • (215) 884-7352
South Jersey Office: 101 Windsor Avenue, Haddonfield, NJ 08033 • (856) 616-0606
North Jersey Office (Livingston Siegel DiMarzio, LLP, Of Counsel): 661 Franklin Avenue, Nutley, NJ 07110 • (973) 661-4545
Chicago Office: 77 W. Washington Street, Suite 2120, Chicago, IL 60602 • (312) 818-6750



**pennsylvania**
HUMAN RELATIONS COMMISSION

Received

JAN 14 2019

PA Human Relations Commission
Philadelphia Regional Office

**PENNSYLVANIA HUMAN RELATIONS COMMISSION**
**EMPLOYMENT DISCRIMINATION QUESTIONNAIRE**

### 1. YOUR CONTACT INFORMATION

Name    PETER G. STEPHENSON

Address    ████████████████████

WEST CHESTER ___ PA ___ 19382
City            State        Apt.
                              Zip Code

Phone Number: (H) ████████████    (Cell) ████████████

Work: _____    E-mail address: ████████████

Name, address and phone number of a person, who does **NOT** live with you and will know how to contact you:

Name   CHRISTINA HERTING    Phone Number ████████████

Address ████████████, WEST CHESTER, PA    19382
        Street              City        State    Zip Code

### 2. AGAINST WHAT EMPLOYER DO YOU WANT TO FILE YOUR COMPLAINT?

Employer Name   AT&T SERVICES, INC.
                (Please use your employer's name as indicated on your paycheck or W-2 form)

Address in PA   200 N. WARNER RD., KING OF PRUSSIA ___ PA ___ 19406
                Street                City            State    Zip Code

Phone Number 210-821-4105   E-mail address: _____

Pennsylvania county where you were harmed:   MONTGOMERY / DELAWARE

**NUMBER OF INDIVIDUALS WHO WORK FOR THE EMPLOYER:**

☐ Fewer than 4   ☐ 4 to 14   ☐ 15-20   ☒ 20+

**Type of Business**   TELECOMMUNICATIONS

**Is the employer a federal agency?**   ☐ Yes   ☒ No

### 3. DESCRIBE HOW YOU WERE HARMED, AND WHEN, SO WE CAN DETERMINE IF WE CAN ASSIST YOU.   Check all that apply.

<u>Write the date(s)</u> you were harmed beside the discriminatory event or action:

☐ Discharge _____   ☐ Lay-Off _____   ☐ Failure to Recall_____

☐ Forced Transfer_____   ☐ Denied Transfer_____   ☐ Demotion _____

☐ Forced Leave _____   ☐ Leave Denied _____   ☐ Unequal Wages _____

☐ Unequal Benefits _____   ☐ Failure to Hire _____   ☐ Failure to Promote _____

☒ Discipline (Suspension, Warning, etc.) *SEE ATTACHED*   ☐ Harassment* _____

*Complete question #7 if you were harassed

☒ Forced to Quit  7/16/18 _____

Not accommodated because of your:  ☐ Disability _____   ☐ Religion _____

**OTHER**, please be specific: _____

## 4.  DO YOU FEEL YOU WERE TREATED DIFFERENTLY (DISCRIMINATED AGAINST) BECAUSE OF ANY OF THE CHARACTERISTICS BELOW?

The commission can investigate your complaint only if you believe you were treated differently and harmed because of your race, color, religion, ancestry, age, sex, national origin, non-job related disability or the use of a guide or support animal for blindness, deafness or physical disability.  For example, if you feel you were treated worse than someone else because of your race, please indicate race as the reason.  If you feel you were treated differently because of your race and sex, please check both race and sex.  **Only check reasons which explain why you were harmed**.  Also, please identify your race, color, religion, national origin or ancestry, etc. **if** you were discriminated against based on those factors.

☒ Male     ☐ Female     ☐ Pregnant

☒ Age (40 or older only):  Date of Birth  9/9/51 _____

☐ Race _____   ☐ Color _____

☐ Religion _____   ☐ Ancestry _____

☐ National Origin (country in which you were born) _____

☐ Association with a person of a different race than your own:

Your race _____ the other person's race _____

☐ Use of a guide or support animal _____

☐ Refusal to perform, participate in, or cooperate in abortion or sterilization services

☐ GED     ☐ Other _____

☐ I have a disability. (please complete #8)   ☐ The employer treats me as if I am disabled.

☐ I had a disability in the past.  (please complete #8)

☐ I have a relationship or association with someone who has a disability. (please complete #8)

☐ **RETALIATION**

If you believe you were **harmed** because you complained about what you believed to be unlawful discrimination, because you **filed** a complaint about unlawful discrimination, or because you assisted someone else in complaining about discrimination, please complete the following information.

Date you filed a complaint with the PA Human Relations Commission _____

If you filed a complaint with another agency, list the agency's name and date of filing:

_____

Date you complained about discrimination to a manager  _3/28/18_____

Date you assisted someone in complaining about discrimination  _____

## 5.  WHEN WERE YOU HIRED OR WHEN DID YOU APPLY FOR A JOB WITH THE EMPLOYER?

Date you became an employee:  _11/25/2002_____

Position for which you were hired:  _DATA SALES SPECIALIST_____

What was your position at the time you were harmed?  _APPLICATION SALES CONSULTANT_

If you were seeking to be hired by an employer:

When did you apply?_____  When did you learn you were not hired?  _____

## 6.  STATE THE REASONS THE EMPLOYER GAVE YOU FOR ACTIONS THAT HARMED YOU.

_NOT MEETING PERFORMANCE OBJECTIVES_____

_____

Who told you about the employer's reasoning for the action?  Include his or her job title.

_RALPH TANCREDI - APPLICATION SALES MANAGER_____

When were you told about the action taken against you? (Date or Dates)

_10/27/17, 3/13/18, 5/23/18, 7/16/18    (SEE TIMELINE ATTACHED)_

If you were given no reason, please check here.  ☐

Regarding how you were harmed, please identify a person or persons who were treated better than you.  For example, as a **male employee** you were disciplined for a work violation, but a **female employee** who committed the same work violation was not disciplined.

Name of employee - First and Last (if known)

_STAN MOYER_____

How is this person **different** from you?  For example, what is his or her race, age, religion, etc.?

_STAN MAY BE SEVERAL YEARS YOUNGER_____

Please explain **exactly** how this person was treated better or differently than you. Include dates.

_THROUGHOUT EARLY 2018, STAN TOLD ME ON SEVERAL OCCASIONS_

_THAT RALPH HAD THREATENED TO PUT HIM ON "A PLAN" BECAUSE_

_OF POOR PERFORMANCE, BUT I AM NOT AWARE THAT WAS EVER DONE._

If you cannot identify someone who was treated better or differently than you, you need to describe an incident, statement, *etc.* which can be investigated, and which directly relates to why you were treated differently than someone else.

_____

_____

**7.  IF YOU CHECKED ONE OF THE FOUR DISABILITY CATEGORIES IN #4, ANSWER THE FOLLOWING QUESTIONS.**

What is your disability? _____

How long have you had this disability and when did it start?

Do you still have this disability?  ☐ yes  ☐ no

If yes, how much longer do you expect to have  the disability? _____

What major life activities do **you have great difficulty performing** because of your disability (Check all that apply.)

☐ Seeing   ☐ Hearing   ☐ Bending   ☐ Walking   ☐ Lifting   ☐ Stooping   ☐ Turning

☐ Climbing   ☐ Running   ☐ Talking   ☐ Standing for long periods

☐ Sitting for long periods   ☐ Caring for yourself   ☐ Thinking   ☐ Concentrating

☐ Relating to Others

Other Major Life Activities (**Be specific**) _____

If you have had a disability in the past, when did it start, and what date did it

end? _____

If your employer treats you as if you are disabled:  What disability do they think or believe

you have? _____

Who are the people that are treating you as disabled (names and positions or titles)?

_____

Why do you think that these people think or believe you have a disability?

_____

How did your employer learn about your disability? _____

On what date did they learn about your disability? _____

Which specific manager/official/agent) learned about your disability? (include title or position)

_____

If you are related to someone who has a disability, what is your relationship to this person?

_____

What is this person's disability? _____

How and on what date did the employer learn about this person's disability?

_____

Did you ask for an accommodation or assistance in order to do your job? ☐ yes   ☐ no

IF YES,

    (1)  To whom did you make your request?  _____

    (2)  What date was the request made?  _____

    (3)  Explain what the accommodation or assistance was that you requested, and why.

    _____

    _____

Did the employer provide your requested accommodation or assistance? ☐ yes   ☐ no

 If so, on what date?  _____

Did the employer provide some other accommodation or assistance instead? ☐ yes   ☐ no

If yes, please explain.  _____

_____

Did the employer deny your request for an accommodation or assistance? ☐ yes   ☐ no

if so, who denied your request?

_____

What date was the request denied?  _____

What reason was given to you for the denial?  _____

_____

_____

8.  **IF YOU CHECKED THAT YOU WERE HARASSED UNDER #3, ANSWER THE FOLLOWING QUESTIONS AS COMPLETELY AS POSSIBLE**.

Name the person(s) who harassed you:  _____

His or her position or job title  _____

When were you harassed?  Starting  date  _____   Ending date  _____

Is the harassment still continuing? ☐ yes   ☐ no

How often did the harassment occur?  As well as possible, please indicate **date, month and year** of each incident and how often the harassing actions occurred.

☐ One time only _____   ☐ Once a day  _____

☐ Several times daily  _____

☐ multiple times/week  _____

PA  Employment Discrimination Questionnaire, Rev. 8-13

☐ multiple times/month _____

Please provide two or three examples of the harassment you experienced.

_____

_____

_____

Did you consider any of the above acts of harassment to be especially severe and/or offensive?

☐ Yes ☐ No    If so, please explain why. _____

_____

_____

Did the harassment have a negative or harmful effect on your work environment, health or personal life?  If so, please explain:

_____

_____

_____

Did you complain to anyone about the harassment?   ☐ Yes ☐ No

To whom did you complain?

_____

| Name | Position or job title |

What date did you complain?  _____

Did the harassment stop after you complained about it?  ☐ Yes ☐ No

If it ended, on what date did it stop? _____

After you complained, were any other actions taken against you? (for example – discipline, discharge, etc.)  ☐ Yes ☐ No

What were the actions? _____

On what dates did they occur? _____

Who took the action against you? _____

Did this person know that you complained about the harassment?   ☐ Yes    ☐ No

Please identify someone who is different than you and who was treated better:

_____

| Name | Position or job title |

Reason they were treated better than you as discussed in #4 above: _____

How were they treated better regarding the harassment?

_____

**9. HAVE YOU BEEN INVOLVED IN ANY COURT ACTION REGARDING THIS MATTER? (COURT ACTION INITIATED BY YOU OR ANYONE ELSE.) IF SO, PLEASE SPECIFY THE COURT AND THE DATE FILED, TO THE BEST OF YOUR MEMORY.**

☐ Yes  ☒ No   Court          City          County      State      Date filed

**10. IF YOU HAVE FILED THIS COMPLAINT WITH ANY OTHER LOCAL, STATE OR FEDERAL AGENCY, PLEASE ANSWER THE FOLLOWING:**

Name of the agency with which you filed _____

Date of filing                    Inquiry or Complaint number

**11. IF YOU WILL HAVE AN ATTORNEY REPRESENTING YOU ON THIS MATTER, PLEASE HAVE YOUR ATTORNEY SEND US A LETTER THAT CONFIRMS THIS. (YOU DO NOT NEED AN ATTORNEY TO FILE A COMPLAINT.)**

**<u>YOU MUST SIGN AND DATE THIS FORM BEFORE RETURNING IT.</u>**

☒ *I hereby verify that the statements contained in this form are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 PA.C.S. Section 4904, relating to unsworn falsification to authorities.*

**Signature** _Peter G. Stephenson_

**Date** _1/11/19_

**IF YOU HAVE OTHER INFORMATION YOU BELIEVE WE NEED TO KNOW TO HELP US UNDERSTAND YOUR COMPLAINT, PLEASE PROVIDE IT BELOW. FEEL FREE TO ATTACH ADDITIONAL PAGES TO DESCRIBE WHAT HAPPENED TO YOU AS COMPLETELY AS POSSIBLE.**

*SEE ATTACHED TIMELINE*

# Exhibit 2

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**<u>AMENDED COMPLAINT</u>**

| | |
|---|---|
| COMPLAINANT: | : |
| **PETER G. STEPHENSON** | :       Docket No. |
| v. | : |
| RESPONDENTS: | : |
| **AT&T, INC.** | : |
| and | : |
| **AT&T SERVICES, INC.** | : |

1. The Complainant herein is:

   Name:        Peter G. Stephenson

   Address:     ████████████
   
   West Chester, PA 19382

2. The Respondents herein are:

   Name:        AT&T, Inc.; AT&T Services, Inc.

   Address:     200 North Warner Road
   King of Prussia, PA 19406

3. I, Peter G. Stephenson, the Complainant herein, allege that I was subjected to unlawful discrimination because of my age (66) and unlawful retaliation my complaints of age discrimination as set forth below.

**Discrimination and Retaliation**

    **A. I specifically allege:**

       [1]       I was hired by Respondents on or about November 25, 2002.

       [2]       I had more than fifteen (15) years of service at Respondents.

       [3]       I consistently performed my job duties in a highly competent manner.

       [4]       I was age sixty-six (66) at the time of my termination, and my birth date is September 9, 1951.

       [5]       I last held the position of Application Sales Consultant, National Business Solutions.

       [6]       I last reported to Ralph Tancredi (43[1]), Application Sales Manager. Tancredi (43) reported to Jack Campbell (32), Assistant Vice President. Campbell (32) reported to Phil Hinson (53), Vice President Technical Sales. Hinson (53) reported to Anne Chow (52), President, National Business.

       [7]       In March 2017, I began reporting to Tancredi (43).

       [8]       I was the oldest employee reporting to Tancredi (43).

       [9]       Before I began reporting to Tancredi (43), I had no performance or disciplinary issues and no indication that I was underperforming or that my job was in jeopardy.

      [10]      Before I began reporting to Tancredi (43), I received positive performance reviews.

      [11]      In June 2017, I was told, without explanation, that Respondents wanted to "get rid of me."

---

[1] All ages herein are approximations.

[12]     On October 27, 2017, in a meeting with Tancredi (43), Respondents placed me on a Coaching Action Plan ("CAP").  My performance did not warrant a CAP.  The CAP was scheduled to end on February 22, 2018.

[13]     Respondents placed me on a CAP because of my age.

[14]     I was, to my knowledge and belief, Tancredi's only direct report who was placed on a CAP on October 27, 2017.

[15]     Respondents failed to provide me with any explanation as to how my performance was allegedly worse than that of younger employees who were not placed on a CAP.

[16]     I submitted weekly activity tracking reports to Tancredi (43).

[17]     Tancredi (43) canceled scheduled meetings with me.

[18]     On February 22, 2018, my CAP ended.

[19]     On March 13, 2018, in a meeting with Tancredi (43), Respondents placed me on a Performance Improvement Plan ("PIP").  I was told that the PIP was for a thirty (30) day period.  I received no documents in connection with the PIP.

[20]     Respondents placed me on a PIP because of my age.

[21]     I was, to my knowledge and belief, Tancredi's only direct report who was placed on a PIP on March 13, 2018.

[22]     Respondents failed to provide me with any explanation as to how my performance was allegedly worse than that of younger employees who were not placed on a PIP.

[23]     I submitted weekly activity tracking reports to Tancredi (43).

[24]     On March 28, 2018, in separate phone calls with Mark Dubansky (60), Assistant Vice President, Human Resources, and Gayle Holderfield (54), Lead Employee

Relations Manager, I complained of age discrimination.  I complained that Tancredi (43) was targeting me because of my age.  Respondents did not deny the same.

[25]    Respondents failed to remedy or prevent the age discrimination against me.

[26]    On April 13, 2018, my PIP ended.

[27]    On April 24, 2018, in a phone call with Holderfield (54), I was told that I was not meeting overall metrics.  I stated that I exceeded quota in March 2018, which should have removed me from the PIP, based on Tancredi's statements to me.  Holderfield (54) did not deny the same.

[28]    On May 23, 2018, in a meeting with Tancredi (43), Respondents placed me on another PIP.  I was told that the PIP would end on June 21, 2018.  I received no documents in connection with the PIP.  I stated that my results had been over one hundred percent (100%) in March 2018.  Tancredi (43) did not deny the same.

[29]    Respondents placed me on a PIP because of my age and/or my complaints of age discrimination.

[30]    I was, to my knowledge and belief, Tancredi's only direct report who was placed on a PIP on May 23, 2018.

[31]    Respondents failed to provide me with any explanation as to how my performance was allegedly worse than that of younger employees who were not placed on a PIP.

[32]    I submitted weekly activity tracking reports to Tancredi (43).

[33]    On June 21, 2018, my PIP ended.

[34]    On July 16, 2018, in a meeting with Tancredi (43) and Laura Holden (39), Regional Director, Global Business, Respondents terminated my employment, effective

immediately.  Respondents provided me with no explanation for my termination.  I was not given any documents in connection with my termination.

[35]        Respondents terminated my employment because of my age and/or my complaints of age discrimination.

[36]        On July 16, 2018, after the above meeting, in separate phone calls with Dubansky (60), Holderfield (54), and Mark Dadson (54), Human Resources Business Partner, I complained of age discrimination.  I complained that I was targeted because of my age. Respondents did not deny the same.

[37]        Respondents failed to remedy or prevent the age discrimination and/or retaliation against me.

[38]        On July 16, 2018, following the above meeting and phone calls, I requested that my termination be characterized as a retirement from Respondents so that I would be afforded full retirement benefits.  To be afforded full retirement benefits, I was required to send an email to Holderfield (54), stating that I was announcing my retirement, effective immediately.

[39]        I was Tancredi's only direct report terminated on July 16, 2018.

[40]        Respondents retained all younger employees directly reporting to Tancredi (43), including the following: David Lewis (40), Application Sales Consultant; James Lesko (46), Application Sales Consultant; and William Kroemer (52), Application Sales Consultant.  I was qualified, if not more qualified, to perform these employees' positions.

[41]        Respondents have placed other older employees on a CAP and/or a PIP in an effort to push them out.

[42]     Respondents assigned my job duties to Lewis (40). I was qualified, if not more qualified, to perform my job duties than the substantially younger employee to whom Respondents assigned my job duties.

[43]     Respondents failed to provide me with any explanation, including the selection criteria, as to why I was terminated and the younger employees were retained.

[44]     Respondents failed to provide me with any explanation as to how my performance was allegedly worse than that of younger employees who were retained.

[45]     Respondents discriminated against me based on my age in subjecting me to a hostile work environment, placing me on a CAP, placing me on PIPs, and terminating my employment.

[46]     Respondents retaliated against me based on my age discrimination complaints in subjecting me to a hostile work environment, placing me on a PIP, and terminating my employment.

[47]     Respondents' age discriminatory and retaliatory conduct toward me has caused me emotional distress.

[48]     Respondents have an age discriminatory bias and a pattern and practice of discriminating against older employees and favoring younger employees.

[49]     **I bring this Complaint as a class and pattern and practice Complaint on behalf of myself and any and all current or former employees of Respondents who are age forty (40) and over, and who have been discriminated against based on age in connection with being subjected to a hostile work environment, hiring, failure to promote, and termination.**

**B.** Based on the aforementioned, I allege that Respondents have discriminated against me because of my age (66) and retaliated against me based on my complaints of age discrimination, in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

4.      The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

   **X**          **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):**  **(a); (d)**

\_\_\_\_         Section 5.1 Subsection(s) _____

\_\_\_\_         Section 5.2 Subsection(s) _____

\_\_\_\_         Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.      Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

   **X**          **This charge will be referred to the EEOC for the purpose of dual filing.**

6.      The Complainant prays that Respondents be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## **VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

_3/12/19_
(Date Signed)

(Signature)     Peter G. Stephenson

West Chester, PA 19382

# Exhibit 3

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **Peter G. Stephenson** | | From: | **Philadelphia District Office** |
|---|---|---|---|---|
| | ▓▓▓▓▓▓▓▓▓ | | | **801 Market Street** |
| | **West Chester, PA 19382** | | | **Suite 1000** |
| | | | | **Philadelphia, PA 19107** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17F-2020-60157** | **Kurt Jung,** **State, Local and Tribal Program Manager** | **(267) 589-9749** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice.  Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):**  You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jamie R. Williamson*

11/25/2020

**Jamie R. Williamson,** **District Director**

*(Date Mailed)*

Enclosures(s)

cc:   **Daniel S. Orlow Esq.** **(Charging Party Attorney)**

      **AT&T, Inc. and AT&T Services, Inc.** **Legal Department**

cc:      *(Sent by e-mail only: orlow@consolelaw.com; )*

**Daniel S. Orlow Esq.**
**Console Mattiacci Law**
**1525 Locust Street**
**Philadelphia, PA 19102**
**orlow@consolelaw.com**

**Legal Department**
**AT&T, Inc. and AT&T Services, Inc.**
**208 South Akard Street**
**Dallas, TX 75202**